### C. W. STRINGER ET AL. v. D. H. HOLLEY, TAX COLLECTOR.

Decided November 28, 1907.

**Injunction—Payment of Tax Judgment.**

Injunction will not lie at suit of the county tax collector to prevent the payment of a judgment for delinquent taxes to attorneys who recovered same in the name of the county under contract with it. If the contract was unauthorized such payment would not discharge the judgment nor prejudice the county.

Appeal from the County Court of Franklin County. Tried below before Hon. D. H. Miller.

*R. E. Davenport* and *C. W. Stringer,* for appellant.

*R. T. Wilkinson,* for appellee.

HODGES, ASSOCIATE JUSTICE.—This suit was filed in the County Court of Franklin County, on the 11th day of December, 1906, by D. H. Holley, as tax collector of said county, for the purpose of enjoining the St. Louis Southwestern Railway Company from paying over to the appellants, C. W. Stringer and J. E. Mattinson, the sum of three hundred dollars in satisfaction of a judgment recovered against said railway company in the District Court of said county, for delinquent taxes due. The petition was presented to D. H. Miller, county judge of Franklin County, on the 11th day of December, 1906, in vacation, and a temporary restraining order granted. At the regular term of court thereafter the cause was tried before the court without a jury, and resulted in a judgment in favor of the appellee for the use and benefit of Franklin County, perpetuating the temporary writ before issued, and also awarding that "the plaintiff, D. H. Holley, for the use and benefit of Franklin County, do have and recover of and from the defendants, St. Louis Southwestern Ry. Co. of Texas, and C. W. Stringer and J. E. Mattinson, the sum of $225 and all costs of suit—and that the clerk pay over to C. W. Stringer the said sum of $75 in satisfaction hereof." From this judgment Stringer and Mattinson have appealed.

The nature of the suit is best stated in the petition of the appellee, which is here given:

"The State of Texas,⎱    In the County Court of Franklin County,
County of Franklin.⎰      Texas, January Term, A. D. 1907.

"To the Hon. D. H. Miller, County Judge of said County:

"Your petitioner, D. H. Holley, complaining of C. W. Stringer and J. E. Mattinson and the St. Louis S. W. Ry. Co. of Texas, would respectfully represent and show that the plaintiff resides in Franklin County, Texas, and the said C. W. Stringer and J. E. Mattinson reside in Franklin County, Texas, and the defendant, the St. Louis S. W. Ry. Co. of Texas, is a corporation duly incorporated, and has an agent in Mt. Vernon, Texas, upon whom service of citation may be had.

"Plaintiff would respectfully represent and show to the court that heretofore, to wit, on the 12th day of August, A. D. 1903, he was and now is and continuously hitherto has been the duly elected and qualified tax collector of Franklin County, Texas, and was and is entitled to collect and receive all taxes due the county of Franklin.

"That on the last named day and date the Commissioners Court of Franklin County, Texas, made an order on the minutes of said court authorizing and empowering the said defendants, C. W. Stringer and J. E. Mattinson to collect all county taxes due the county on lands and other property reported delinquent. That by the terms of said order the said defendants were to receive all taxes collected for the county as their compensation.

"Plaintiff would respectfully represent and show to the court that said order is not authorized by statute and is void and can not be enforced.

"That it is made the duty of the plaintiff and the Commissioners Court have no authority to take from the plaintiff the right to collect the said taxes and to charge his legal fee therefor. That the legal fee for said services is expressly fixed by statute, and that said court is not authorized to pay any more than is allowed by law.

"Plaintiff would respectfully represent and show to the court that after making the said order allowing the said defendants all the said county taxes the said defendants have collected about the sum of $500 of delinquent taxes that are due the county of Franklin, and the plaintiff is entitled to collect the same. That the plaintiff can not be exact as to the amount that the said defendants have collected, but he estimates that the said amount is about the sum of $500 county taxes. Plaintiff would respectfully represent and show to the court that the said Commissioners Court of Franklin County again on the 14th day of August, A. D. 1906, made and entered another contract whereby it agreed to pay the said C. W. Stringer all taxes due to the county for taxes delinquent from 1884 until 1900, and the said C. W. Stringer was to collect all taxes due for the said time, and was to make out the rolls of the delinquent taxes for the years 1901 to 1905 inclusive. And as compensation for the services he was to receive for taxes collected where they were

delinquent all taxes due the county for all of said years. That as compensation for compiling the rolls for 1901 to 1905 inclusive he was to receive ten percent of the amount so collected.

"That at the next succeeding term of the court the said court entered another order annulling the last named order and fixing the compensation of said C. W. Stringer at ten percent of all taxes collected without suit, and fifteen percent additional on all taxes collected by suit, and expressly ratified the compensation allowed by the first of said orders.

"Plaintiff would respectfully represent and show to the court that he has attached to this petition as a part thereof certified copies of all the said orders, and has marked them exhibit A, B and C.

"Plaintiff would respectfully represent and show to the court that the said court has no authority under the law to make the said contract allowing the said parties all the said county taxes and he alleges that the same is void and can not be enforced. That the law fixes the amount of compensation for the services of such cases and the Commissioners Court has no authority to go beyond that amount. Plaintiff would respectfully represent and show to court that heretofore, to wit, on the 16th day of April, A. D. 1906, the said C. W. Stringer instituted suit in the District Court of Franklin County to recover of the defendant, St. Louis S. W. Ry. Co. of Texas, certain sums of money alleged to be due the county on delinquent taxes for the years since 1884. That said suit was compromised and an agreed judgment was entered therein wherein the said defendant, the St. Louis S. W. Ry. Co. of Texas, agreed to pay to the county the sum of $300 on delinquent taxes for the years from 1884 up until the filing of said suit. Plaintiff would respectfully represent and show to the court that he is entitled to collect the said sum of money for the use of the county. That the said defendants, C. W. Stringer and J. E. Mattinson, are claiming all the said sum of money as their compensation for the institution of the said suit. That the said defendants, the St. Louis S. W. Ry. Co. of Texas, will pay the same over to the said defendants if not prevented. Plaintiff would respectfully represent and show to the court that the said defendants, C. W. Stringer and J. E. Mattinson are entitled under the Acts of 1905 to the sum of seventy-five dollars for their services in the said case, being twenty-five percent thereof, but that the balance due under the said judgment rightfully belongs to the county of Franklin, and the said defendants are not entitled to collect the same.

"That heretofore, to wit, on the 11th day of December, 1906, the Commissioners Court of Franklin County made and entered an order requiring and authorizing the plaintiff to institute suit for and recover the said amounts against the said defendants.

"Wherefore premises considered the plaintiff prays for a writ of injunction to issue restraining the said defendant, the St. Louis S. W. Ry. Co. of Texas, from paying the said sum of two hundred and twenty-five dollars to the other named defendants, said sum being the whole amount of the judgment less their lawful commission of twenty-five percent and that citation issued to the said defendants

each and all of them commanding them to appear and answer this petition, and that upon a trial hereof that he have judgment against the said C. W. Stringer and J. E. Mattinson for all said sums of money collected by them for the county of Franklin, less their lawful commission, for the use and benefit of Franklin County, and that the injunction above prayed for be made perpetual and that the said plaintiff have judgment against the said defendant, the St. Louis S. W. Ry. Co. of Texas, for the said sum of $225, and that the said defendant, the St. Louis S. W. Ry. Co. of Texas, be required by said writ of injunction to pay the said sum of $225 over to the plaintiff for the use and benefit of the county and for all general and special relief that h^ may be entitled to in law or equity and he will ever pray.

> D. H. Holley, Tax Collect. ,
> Franklin County.''

It is not necessary to give the exhibits referred to.

To this petition the railway company interposed a general demurrer and answered admitting the recovery of the judgment mentioned and that it still owed the sum therein specified, tendered the money into court and asked that the plaintiff and the defendants, Stringer and Mattinson be required to litigate their respective rights to the collection of money so deposited. Appellants, Stringer and Mattinson, answered by plea in abatement, alleging that the appellee could not bring this action in his own name, but that it should have been brought, if at all, in the name of Franklin County. They also demurred generally to the petition, and pleaded specially matters not necessary here to mention.

It is manifest from these pleadings that this is purely an action for an injunction to restrain the appellants from collecting the judgment obtained against the railway company for delinquent taxes due Franklin County. In our opinion the general demurrer should have been sustained by the trial court, and the temporary writ theretofore issued dissolved. Admitting all that the appellee alleges to be true, it amounts practically to this—a judgment had been recovered in the name of the State of Texas against the railroad company for delinquent taxes amounting to the sum of $300; that this railroad company is about to pay that sum over to a person unauthorized by law to receive it. Appellee concludes from this that he, as the tax collector of Franklin County, has the right to have this contemplated payment by the railroad company to such unauthorized person enjoined. Evidently he bases his application for a writ of injunction upon the assumption that if this payment is not prevented by some restraining power the county will lose the amount of taxes so paid by the company, and that the remedy by injunction is the only adequate and complete remedy available under the circumstances. If this assumption were true, then there might be reasons sufficient for an injunction to issue at the instance of the proper party to restrain this payment to an unauthorized person. But the assumption is utterly without foundation, and is wholly gratuitous. The railroad company owes the county of Franklin the sum of $300 as

taxes; this debt is evidenced by a judgment; the company desires to make payment of this amount to the county. It must select at its peril the proper person to whom to make its payment. If it should make payment to one who is not authorized by law to receive and receipt for taxes paid under such circumstances, as appellee alleges would be the case if payment were made to the appellants, then the rights of Franklin County are in no wise affected, the debt not being thereby discharged. The county's claim could still be enforced against the railroad company by proceeding to collect the judgment in the usual way. If the county would lose nothing by the improper payment of this sum of money, then we do not understand how there could be any grounds for the issuance of the writ of injunction in this suit. If appellants have the right to collect the claim for taxes, as evidenced by the judgment, then it is clear that no writ of injunction should issue restraining them from the exercise of that right.

We think the County Court erred in perpetuating the temporary writ of injunction theretofore issued and in not sustaining the general demurrers filed to the appellee's petition. We do not wish to be understood as in any way passing upon the other issues presented by the other assignments of error in this case, or that the suit should have been brought in the name of the county instead of in the name of the appellee, as the tax collector. In the disposition we make of the case it is not necessary to decide those questions. We merely decide that upon appellee's own statement of his cause of action, he is not entitled to the writ applied for.

This is in no sense a suit for the recovery of a personal judgment against any of the parties, as the form of the judgment would seem to indicate. According to the facts alleged in the petition, no such conditions existed as would warrant any such judgment. Judgment had already been recovered against the railroad company for the amount involved, and the latter stood ready to pay it over to the county. Hence no additional personal judgment for the same sum, or any part thereof, was necessary or could have been rendered. Stringer and Mattinson, according to the allegations of the appellee, at that time had no part of the money in their possession, and were therefore not amenable to any such recovery as is awarded by the court. The form of the judgment is probably due to the effort of the court to apportion the sum paid into court by the railroad company, between Stringer and the appellee, based upon the holding that Stringer was entitled, under his contract with the Commissioners Court, to twenty-five percent of the sum collected.

From the nature of the suit and the undisputed facts alleged in the pleadings on both sides, the appellee could not so amend his pleading as to state a right to the remedy he seeks; and for that reason the case should here be finally disposed of. The judgment of the County Court is therefore reversed, the writ of injunction dissolved and the cause dismissed, and all costs of this court and of the County Court are taxed against the appellee.

*Reversed and dismissed.*